IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FIRST FAMILY FINANCIAL SERVICES and
ASSOCIATES FIRST CAPITAL CORPORATION,                    PLAINTIFFS,

VS.                                                   CIVIL ACTION NO. 2:04CV129-P-A

ALFRED WALTON,                                                    DEFENDANT.

MEMORANDUM OPINION

This matter comes before the court upon Plaintiffs First Family Financial Services, Inc.

and Associates First Capital Corporation's Motion for Summary Judgment [7-1]. Upon due

consideration of the motion, the court is prepared to rule.

The plaintiffs in the present case are among the defendants in the underlying case *Selmon,*

*et al. v. First Family Financial Services, et al.*, Cause Number 2:03CV108-P-A. These cases are

intimately related though they have not been consolidated.

*Selmon* involves eighteen plaintiffs, including Alfred Walton, suing various finance

companies and insurance companies for alleged predatory lending practices. After *Selmon* was

filed, the finance companies filed the instant petition to compel arbitration of Walton's claims

against them. The finance companies, First Family and Associates First Capital, submit that

Walton signed an arbitration agreement which clearly covers his claims against both of them.

In response, Walton filed a motion to dismiss the petition to compel arbitration, arguing

waiver, failure to add a compulsory claim, and the first-to-file rule. On this day, the court denied

the motion to dismiss. This leaves the instant motion filed by First Family and Associates First

Capital, seeking summary judgment that Walton's claims against them are subject to the

1

arbitration agreement he signed and that his claims in the underlying *Selmon* action should be stayed until arbitration is complete.

In opposition to summary judgment, Walton has filed no response.

There is no dispute that Walton signed the subject arbitration agreement. It is also undisputed that the language of the arbitration agreements covers the scope of his claims levied in *Selmon* against First Family and Associates First Capital.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with

knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36

("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to

do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866

So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is

under a legal obligation to read a contract before signing it."); *Washington Mutual Finance*

*Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a

contract).

## CONCLUSION

The court concludes that there is no need to delay decision upon the instant motion for

summary judgment. It is evident that Walton signed the arbitration agreement, that the agreement

involved interstate commerce, and that the agreement covers Walton's underlying claims in

*Selmon* against First Family and Associates First Capital. It is equally clear that Walton has

submitted no evidence or binding legal authority to create a genuine issue of material fact to

defeat summary judgment. Therefore, Plaintiffs First Family Financial Services, Inc. and

Associates First Capital Corporation's Motion for Summary Judgment [8-1] should be granted.

Furthermore, the court concludes that Walton's claims against First Family and

Associates First Capital in *Selmon* should be dismissed without prejudice rather than stayed

pursuant to Section 3 of the FAA.  This is because section 3 does not limit dismissal of a case in

the proper circumstances; if all of the issues raised in the district court are arbitrable, dismissal of

the case is proper. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992). In the

instant case, it is readily apparent that all of Walton's claims against First Family and Associates

First Capital are arbitrable; therefore, it is in the interests of judicial economy to simply dismiss

those claims without prejudice rather than stay them pending the completion of arbitration.

Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 18, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE